NOT DESIGNATED FOR PUBLICATION

No. 112,409

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARLENE WHITAKER and MARIE GRIMES,
*Appellants*,

v.

DWIGHT ADAMS, MARJORIE HEMPHILL, IVAN ADAMS, INC., IVAN ADAMS, Individually
and as Executor of the ESTATE OF MELVA ADAMS, Deceased,
*Appellees*.

MEMORANDUM OPINION

Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed October 23, 2015. Appeal dismissed.

*Jack W. Schultz*, of Topeka, for appellants.

*Candace R. Lattin*, of Pratt, for appellees Dwight Adams and Marjorie Hemphill.

*Thomas V. Black* and *John V. Black*, of Black's Law Office, P.A., of Pratt, for appellees Ivan Adams, Inc., and Ivan Adams individually and as executor of the Estate of Melva Adams.

Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.

*Per Curiam*:  A party in a civil case may appeal from any final decision as a matter of right. K.S.A. 2014 Supp. 60-2102(a)(4). A final decision is one that "finally decides and disposes of the entire merits of the controversy and reserves no further questions or directions for the future or further action of the court." *Investcorp v. Simpson Investment Co.*, 277 Kan. 445, Syl. ¶ 3, 85 P.3d 1140 (2003). Because the district court's

1

decision in this case did not finally dispose of the entire controversy, in that counterclaims remain unresolved, we must dismiss this action for lack of jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

Because we are dismissing this case on jurisdictional grounds and remanding it for further proceedings, the underlying facts are of little import at this time. They will be fully developed should this case return to this court after all issues have been resolved in the district court. Suffice it to say that this case arises out of a dispute between four siblings. Two of the four, Marlene Whitaker and Marie Grimes, believe that the other two, Dwight Adams and Marjorie Hemphill, took advantage of their aging father, Ivan Adams, usurped power over the family's farming business, withdrew money from their father's bank account, and isolated their father from the family. When attempts to amicably resolve these issues failed, Whitaker and Grimes filed suit against their siblings, their father, and the family business. Ultimately, the district court determined that Whitaker and Grimes failed to state any claim for which relief could be granted and dismissed the petition. They appeal. But in conjunction with his answer to the petition, Dwight Adams filed a counterclaim for damages and requested a restraining order to keep Whitaker from interfering with Ivan. Despite the dismissal of the petition, the district court noted that three issues remained: an outstanding motion for attorney fees and Adams' two counterclaims against Whitaker. But because Ivan had recently passed away, the district court instructed the parties to consider naming a substitute party to stand in his place and set a case management conference to address these remaining issues.

In light of the outstanding counterclaims and motion, this court issued a show cause order and required the parties explain why jurisdiction before this court is proper. Whitaker responded, arguing that the district court considered its decision final and that it

2

would be unjust to prevent the appeal due to Adams' failure to pursue the outstanding claims.

ANALYSIS

An appellate court exercises unlimited review over jurisdictional issues and has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *In re T.S.W.*, 294 Kan. 423, 432, 276 P.3d 133 (2012). Such is the case here.

Kansas courts may exercise jurisdiction only under circumstances allowed by statute. *Flores Rentals v. Flores*, 283 Kan. 476, 481, 153 P.3d 523 (2007). As is well-settled law in Kansas, a party in a civil case may appeal from any final decision as a matter of right. K.S.A. 2014 Supp. 60-2102(a)(4). A final decision is one that "finally decides and disposes of the entire merits of the controversy and reserves no further questions or directions for the future or further action of the court." *Investcorp*, 277 Kan. 445, Syl. ¶ 3.

As previously mentioned, the district court's decision disposed of Whitaker's claims against Hemphill and Adams but noted that Adams' counterclaims and an outstanding motion for attorney fees remained. As such, and in light of Ivan's death, the district court instructed the parties to consider whether those unresolved issues would go forward with an appropriate substitute party and set a case management conference for a future date. These outstanding issues leave open the possibility of "further questions or directions for the future or further action of the court," thereby preventing the memorandum opinion from constituting a final, appealable order. *Investcorp*, 277 Kan. 445, Syl. ¶ 3.

3

The statute that Whitaker relies on in crafting his argument that the district court's dismissal was a final appealable order, K.S.A. 2014 Supp. 60-258, provides generally for the entry of judgments. But that statute also provides that the entry of such judgments is subject to another statutory provision, K.S.A. 2014 Supp. 60-254(b). See K.S.A. 2014 Supp. 60-258. The latter statute clearly provides:

"When an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. *Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties* and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." (Emphasis added.) K.S.A. 2014 Supp. 60-254(b).

To put it another way, a decision that disposes of some but not all of the claims in a case is insufficient to end the cause of action, and the case continues between the parties until every claim is finally decided. K.S.A. 2014 Supp. 60-254(b). It stands to reason, then, that a decision that fails to adjudicate all claims and therefore fails to end the cause of action cannot also be final.

All this is not to say that a party in a civil suit is absolutely barred from appealing unless every issue is finally adjudicated. In fact, K.S.A. 2014 Supp. 60-2102(c) expressly provides:

"When a district judge . . . in making in a civil action an order not otherwise appealable under this section, is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *the judge shall so state in writing in such order*. The court of appeals may thereupon, in

4

its discretion, permit an appeal to be taken from such order, if application is made to it within 14 days after the entry of the order under such terms and conditions as the supreme court fixes by rule." (Emphasis added.)

A review of the record indicates that the district court never issued such a finding in the memorandum opinion. Moreover, Whitaker offers no argument that this interlocutory process applies. Instead, Whitaker simply insists, without reference to caselaw, that Adams' failure to pursue the outstanding claims constitutes a waiver of those claims and that holding otherwise creates an unjust result.

But Adams' failure to pursue the counterclaims does not change the fact that the order from which Whitaker appealed was not a final one. Without either authorization to pursue an interlocutory appeal or some other order indicating that the district court has finally disposed of the outstanding issues (either for failure to prosecute or on the merits), this court is without jurisdiction to consider the instant appeal. As such, this appeal must be dismissed.

Appeal dismissed.